**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal No.: 18-cr-0388 (RDM)** |
| **v.** | : | |
| | : | **Hon. Randolph D. Moss** |
| **JOHNNY ANDREW MOORE, SR.,** | : | |
| | : | |
| **MARIA FORD MOORE, and** | : | |
| | : | |
| **CHARESE JOHNSON,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## JOINT STATUS REPORT

The United States of America, by undersigned counsel, and counsel for each of the three defendants, respectfully submits this joint status report, pursuant to this Court's instructions during the July 18, 2019 status conference in this case.

### I.    Readiness for Trial

All parties are prepared to begin trial in November, with jury selection on November 1, 2019, and the government's witnesses to begin testifying on November 4, 2019.

### II.    Discovery and Exhibit List

The government has provided extensive discovery thus far, including early Jencks material for multiple witnesses.  As the government obtains additional discoverable material, the government has been providing electronic copies to defense counsel on a rolling basis.  The government will continue to provide additional materials as all parties prepare for trial.  On September 24, 2019, the government also sent the defense via FedEx a tentative exhibit list and a preliminary set of trial exhibits on a CD.

### III.   <u>Outstanding Motions</u>

The outstanding motions are as follows:  (1) the Moores' motion to sever (Doc. # 39);
(2) Johnson's motion to quash or modify the Rule 17 subpoena to the University of Baltimore
(Doc. # 45); (3) Johnson's motion to suppress all statements made during her interview with
IRS-Criminal Investigation agents (Doc. # 28); and (4) the Moores' motion for a preliminary
determination of the conspiracy and a pretrial ruling on the admissibility of co-conspirators'
statements (Doc. # 44).

As to the first motion listed above (for severance), the government submits that this Court
need not hold an evidentiary hearing, and defense counsel did not request such a hearing in the
relevant motion.  <u>See</u> Doc. # 39.  This Court can rule on this motion based on the parties' written
submissions, the attorneys' oral arguments on October 21, 2019, or both.

As to the second motion (to quash or modify the subpoena), the University of Baltimore
has informed the case agent that it is awaiting action by this Court before releasing the
subpoenaed records.  If the Court does issue an order quashing the subpoena and permitting the
government to issue a more limited subpoena with the current trial date, the government will do
so immediately.  <u>See</u> Doc. # 46 (United States' Response to Defendant's Motion to Quash or
Modify Subpoena).

As to the third motion (Johnson's suppression motion), the government does not believe
an evidentiary hearing is necessary.  <u>See</u> Doc. # 50.  Defense counsel for Johnson does believe a
hearing is necessary, and plans to file a reply to the government's opposition to the motion to
suppress with a further explanation.  The government requests that the Court inform the parties
in advance whether the Court does plan to hold an evidentiary hearing to hear testimony from a

government witness about the circumstances of Johnson's interview so that the government can prepare accordingly for the motions hearing on October 21, 2019.

As to the fourth motion (for a preliminary determination of the conspiracy and a pretrial ruling on admissibility of co-conspirators' statements), the government has argued that no such preliminary determination or pretrial ruling is necessary, see Doc. # 51 at 17, and thus submits that the Court need not hold an evidentiary hearing to make any such determination or ruling. Defense counsel for the Moores continue to request an evidentiary hearing.  Once again, the government requests that the Court inform the parties in advance whether the Court does plan to hold an evidentiary hearing to hear witness testimony regarding the conspiracy so that the government can prepare accordingly for the motions hearing on October 21, 2019.

Finally, in the interest of keeping this Court informed of all developments related to this case, the government notes that Johnson has filed a motion for return of property in the U.S. District Court for the District of Maryland, where she initially appeared after her arrest, alleging that the government seized her earrings during her arrest.  See Case No. 1:19-mj-00328-JMC-1 (D.M.D.), Doc. # 8 (Affidavit) and Doc. # 9 (Motion for Return of Property).  The government has responded in opposition to this motion in Maryland.

IV.     **Motions *in Limine***

Multiple parties do intend to file motions *in limine*.   Therefore, the parties propose the following schedule for such motions:  (1) Oct. 11, 2019:  motions *in limine* due; (2) Oct. 18, 2019:  oppositions to motions *in limine* due; (3) Oct. 24, 2019:  replies to oppositions to motions *in limine* due; (4) Oct. 25, 2019:  hearing on motions *in limine* (same date as pre-trial conference).

Dated: October 4, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Abigail Burger Chingos
ABIGAIL BURGER CHINGOS
Trial Attorney, DOJ Tax Division

/s/ Jeffrey A. McLellan
JEFFREY A. MCLELLAN
Trial Attorney, DOJ Tax Division

/s/ Thomas Abbenante, with consent
THOMAS ABBENANTE
Attorney for Defendant Johnny Moore

/s/ Joanne D. Slaight, with consent
JOANNE D. SLAIGHT
Attorney for Defendant Maria Moore

/s/ Christopher M. Davis, with consent
CHRISTOPHER M. DAVIS
Attorney for Defendant Charese Johnson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of October, 2019, I caused a copy of the foregoing to be delivered via electronic filing to all parties registered with ECF in this matter.

<u>/s/ Abigail Burger Chingos</u>
ABIGAIL BURGER CHINGOS
Trial Attorney
U.S. Department of Justice, Tax Division