# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| **v.** | : **Crim. No. 18-0388(RDM)** |
| **CHARESE JOHNSON,**<br>**Defendant** | : **Motions Hrng: February 20, 2020** |

### MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT FROM INTRODUCING SPECIFIC TRIAL EXHIBITS TO BE IDENTIFIED HEREIN

Ms. Charese Johnson, through undersigned counsel, respectfully requests that this Court exclude certain items of evidence/purposed Trial Exhibits that the government seeks to make part of its trial presentation in the above captioned matter.  The trial is currently scheduled to take place on April 20, 2020.  It is the defenses position that the evidence that Ms. Johnson seeks exclusion of should be excluded under Federal Rule of Evidence 401, 402, 403 or 801.  In this pleading, counsel will discuss each item of evidence separately and articulate the defenses specific objection to that particular exhibit.  In support of this motion counsel states the following upon information and belief:

1.     Ms. Johnson is before the Court charged by way of a three-count Superseding Indictment with three separate counts of aiding and assisting in the preparation of a false tax return. Trial in this matter is scheduled to take place on April 20, 2020.

2.     At a hearing in this matter on November 15, 2019, the Court ordered that motions be filed by January 22, 2020, and that all oppositions be submitted by January 31, 2020.

3.     In Dkt. 99 undersigned counsel notified the Court of Ms. Johnson's intent to litigate

1

any motions that have been filed and not yet resolved by this Court and respectfully requested leave of the Court to file any additional *in limine* motions by February 5, 2020.  As of the time of that pleading counsel had not received the government's final exhibit list and wanted to review those exhibits before filing *in limine* motions. The government did not oppose that request.

4.      Counsel is now in possession of the government's proposed exhibits, disclosed on a CD containing approximately eighty-five exhibits, and wishes to alert the Court in this *in limine* pleading of Ms. Johnson's objections.

5.      A previous Motion *in limine* was filed on October 20, 2019, by prior counsel of record [Dkt. 63].  In that motion prior counsel sought to exclude Ms. Johnson's college transcripts (**Government's Exhibit 66 and 67**), a job application (**Government's Exhibit 68**), and IRS Systemic History (**Government's Exhibit 27**).  Counsel hereby renews arguments made in Dkt. 63, concerning the admissibility of Government's 27 and 66 – 68, and respectfully requests the opportunity to be briefly heard at the scheduled motions hearing in this matter should an additional basis to challenge that evidence arise.


### Memorandum of Points and Authorities

## I.      Hearsay Evidence

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. *Fed. R. Evid. 801*.  The problem with hearsay is that it deprives the defendant of the opportunity to cross-examine the person

who uttered the statement at issue. *United States v. Evans, 216 F. 3d 80(2000)*.  Some of the

documents for which the government seeks admission can also be categorized as business

and public records, which are generally admissible in criminal trials, without the opportunity

to confront because they have been created for the administration of an entities affairs, and

not for the purpose of establishing some fact at trial.  Melendez-Diaz v. Massachusetts, 129

S. Ct. 2527, 2539 (2004).  If a business record is testimonial in nature – that is, if it has been

prepared at least in part for "the purpose of establishing or proving some fact at trial" – then

the record is not admissible unless the defendant has the opportunity to confront the

declarant. *Id. at 2540.*

Sometimes courts excuse the use of hearsay evidence for the purpose of establishing a

background where the evidence relates to an uncontroverted matter and hearsay is the most

efficient means of transmitting the information and where there is little chance of prejudice to

the defendant.  *Evans, 216 F. 3d at 15*.  Where these conditions are not met, the government

must prove background information the same way it would any other relevant set of facts. *Id.*

Not every use of hearsay violates the Confrontation Clause – where proffered hearsay

evidence has sufficient guarantees of reliability to come within a firmly rooted exception to

the hearsay rule, the Confrontation Clause is satisfied. *Id.*

Counsel objects to the admission of the following exhibits because they are or contain

inadmissible hearsay.

## Exhibit #28_1

The first two pages of this exhibit are handwritten notes authored by Maria Moore, Ms.

Johnson's former codefendant, addressed to "To Whom It May Concern". The next part of the

exhibit contains documents addressed to either Johnny Moore or Maria Moore.  This exhibit

contains hearsay and is not admissible on that basis.

**Exhibit #29_3**

Exhibit 29_3 contains a letter that appears to be signed by Johnny Andrews Moore regarding a 2012 IRS Form 1041 filing and addressed to W. Stark.  Ms. Johnson apparently notarizes this letter.  This letter contains hearsay and its contents are not relevant to the independent case against Ms. Johnson.

**Exhibit #18**

Exhibit 18 contains an Account Narrative History.  This exhibit is hearsay that should not be admitted unless the contributors to the conversation summarized in the narrative are made available for cross-examination.  Counsel additionally argues that the summary in this exhibit concerns Johnny Moore's IRS Form 1099 for Tax Year 2012.  The allegations as they relate to Mr. Moore and Ms. Johnson's conduct, in the instant indictment, concern Tax Year 2011 and the approximate filing dates of February 18, 2014 and March 13, 2014.  This summary and exhibit is seemingly irrelevant.

**Exhibit #78-80**

These exhibits are various drafts of a letter that was apparently authored by Hiltrud Steimel.  Ms. Johnson is briefly mentioned in the letter.  The letter is hearsay and the overwhelming majority of its contents are not relevant to the case against Ms. Johnson and therefore have no probative value.

**Exhibit #118**

This exhibit is comprised of a Performance Evaluation from The Community College of Baltimore County.  This evaluation contains hearsay in that it is made up of the observations of Ms. Johnson by her supervisors.  Additionally, the evaluation period begins after the conduct relevant to this case, and is there for irrelevant.

## II.      **Irrelevant or Unfairly Prejudicial Evidence**

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *Fed. R. Evid. 401.*  Irrelevant evidence is not admissible. *Fed. R. Evid. 402.*  Additionally, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Fed. R. Evid. 403.*  Counsel contends that the following items of government evidence are either not relevant or lack sufficient probative value and should therefore be excluded.

### Exhibit #13

This exhibit contains an account transcript for the Tax Period of December 31, 2012, for Johnny Moore and Created In His Image Express TR.  Counsel argues that this transcript is not relevant as it concerns returns for a tax year not at issue for a party that is related to the case.  Additionally, counsel would argue that there is a significant danger that this evidence would contribute to issue confusion.

### Exhibit #19

This exhibit contains a screen shot of information related to Treasury Check Information System (TCIS) concerning a payment in the amount of $527,425.87, paid to Created in His Image Express TR/Johnny Andrews Moore.  The check is dated April 22, 2014.  It is unclear what Tax Year this payment pertains to, but the payments at issue in the indictment, as they relate to Mr. Moore, are $416,200 (February 18, 2014) and $280,000 (March 13, 2014). The total reflected in the check at issue in this exhibit does not appear to be relevant to the charges in the current indictment.

**Exhibit #20**

This exhibit is made up of an application by Johnny and Maria Moore for Post Office Box Number – 15428. The date of the application is January 17, 2012. This exhibit is irrelevant to Ms. Johnson's case and should be excluded.

Respectfully Submitted,

_____/s/_____

Joseph P. Caleb, Esq.
Bar No. 495383
CalebLaw, PLLC
1156 15th Street, N.W.
Washington, D.C.  20005
(202) 787-5792
E-mail:  jcaleb@bcrlawfirm.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by ECF, this 5th day of February 2020 to all counsel of record.

/s/

_____
Joseph P. Caleb